**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MEREDITH MINING COMPANY, INC., Defendant.**

**Civ. A. No. 79–1715.**

United States District Court, W. D. Pennsylvania.

Jan. 28, 1980.

Barbara Krause Kaufmann, U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

No appearance for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is before me on a complaint filed by the plaintiff, Ray Marshall, Secretary of Labor, United States Department of Labor, pursuant to the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 et seq. seeking a preliminary injunction against the defendant, Meredith Mining Company, Inc., from continuing operations of its Kutsch Mine until the defendant corrects certain conditions.

A hearing on the preliminary injunction was held before me on December 19, 1979. Neither the defendant nor its representative appeared at the hearing, although the defendant was properly served on December 17, 1979, with a summons and the complaint and order instructing the defendant to appear before me on December 19, 1979.

The plaintiff, by the testimony of its witnesses at the hearing and in its proposed findings of fact, asserts that authorized representatives of the Secretary of Labor determined that the defendant at its Kutsch Mine was in violation of the Mine Safety and Health Act of 1977 and of 30 C.F.R. §§ 50.30, 75.13, 75.1107, 75.1100–2(a)(2) and 75.316.[1] The plaintiff further stated that on March 14 and March 30, 1979, an authorized representative of the Secretary issued five (5) Notices of Violations to the defendant. These notices were delivered to the defendant and the notices required the defendant to correct the conditions complained of in each citation on or before April 6, 1979.

On March 21, April 3 and April 30, authorized representatives of the Secretary of Labor issued five (5) Orders of Withdrawal against the defendant which orders prohibited the use of the entire Kutsch Mine, and specifically included the continuous mining machine (Serial Number 31613) in the main section of the mine, and the entry adjacent to the track haulage entry.

On September 27, authorized representatives of the Secretary issued a citation and an order against the defendant for failure to withdraw employees from the affected areas and for failure to comply with the previously issued notices of violations and orders of withdrawal. Two weeks later, on October 11, the defendant was found to be continuing to mine coal at the Kutsch Mine in defiance of all previous notices, orders and citations.

The plaintiff alleges that the defendant is subject to the Mine Safety and Health Act of 1977; that the defendant is in violation of certain of its provisions, and that the defendant's operations at the Kutsch Mine should be suspended until the defendant corrects the conditions cited in the above-mentioned notices, orders and citations, and the defendant should be preliminarily enjoined until it conforms.

For the defendant to be held subject to the Mine Safety and Health Act of 1977, the mine's products must "enter commerce, or the operation or products . . . affect commerce . . ." 30 U.S.C. § 803. Commerce, for the purpose of this Act, is defined as "trade, traffic, commerce, transportation or communication among the several States . . ." 30 U.S.C. § 802(b).

The plaintiff states that the defendant sells coal to the Harmar Coal Company, which is a division of Consolidation Coal Company. Consolidation conducts trade "among the several States" (i. e. in interstate commerce) and thus, the activities of the defendant "affect commerce" within the meaning of § 4 of the Act.

As stated in *Fry v. United States*, 421 U.S. 542, 547, 95 S.Ct. 1792, 1795, 44 L.Ed.2d 363 (1975):

"Even activity that is purely intrastate in character may be regulated by Congress, where the activity, combined with like

---

1. These sections of 30 C.F.R. provide, respectively, for submission of employment and coal production reports to the Mine Safety and Health Administration, installation and maintenance of methane monitors, specifications on fire suppression equipment required on under-ground equipment, specifications on types of fire equipment required for each section of a coal mine, and the criteria for approval by Coal Mine Safety District Managers of ventilation systems and methane and dust control plans.

conduct of others similarly situated, affects commerce among the States or with foreign nations."

 The defendant's activities in connection with the Harmar Coal Company thus subject the defendant to Congress's power under the Commerce Clause. Even without the interstate effect through its sale of coal to Harmar Coal Company, the defendant's activities would still affect interstate commerce because its mere presence in the intrastate market also affects the price and the supply of coal in the interstate market. *Marshall v. Bosack*, 463 F.Supp. 800 (E.D.Pa.1978). Accord, *Wickard v. Filburn*, 317 U.S. 111, 128, 63 S.Ct. 82, 90, 87 L.Ed. 122 (1942). Accordingly, the defendant's activities fall within the provisions of the Mine Safety and Health Act of 1977. Because the defendant's activities are subject to the Act, sufficient facts are before me to find that the defendant has violated the Mine Safety and Health Act of 1977.

An injunction, prohibiting further operation of the defendant's Kutsch Mine until the defendant remedies the conditions cited in the notices and citations issued by representatives of the Secretary of Labor, is proper. The authority for granting an injunction in this matter resides in the Mine Safety and Health Act of 1977, 30 U.S.C. § 818:

> "The Secretary may institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the district court of the United States for the district in which a coal or other mine is located or in which the operator of such mine has his principal office, whenever such operator or his agent
>
> . (a) violates or fails or refuses to comply with any order or decision issued under this chapter, . . ."

The defendant's violation of the statute presents unrebutted evidence that the public has and is being damaged to the extent that remedial help of this court is required.

Since the defendant, Meredith Mining Company, has refused to comply with the orders issued to terminate its activities in accordance with the provisions of the statute, it being subject to the Mine Safety and Health Act of 1977, has violated the provisions of the Act and because it has failed to comply with the orders issued under the Act, injunctive relief is appropriate.

An Order will be entered accordingly.